IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOVITA CARTER, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CV No. 99-J-1996-S |
| ) | |
| CHIEF RAYMOND BROOKS, in his ) | |
| offical capacity as fire chief for ) | |
| BIRMINGHAM FIRE AND RESCUE ) | |
| SERVICE, THE CITY OF BIRMINGHAM,) | |
| ALABAMA ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Currently before the Court is Defendants' motion to substitute defendant[1] and motion to dismiss or in the alternative, motion for summary judgment (doc. 4).[2] For the reasons set forth below, the Court is of the opinion both said motions are due to be **GRANTED**.

---

[1] Plaintiff concedes the City of Birmingham is the proper defendant in this suit. Plaintiff's Response at 1. Accordingly, Defendants' motion is herein GRANTED and Chief Raymond Brooks is dismissed from this suit.

[2] Counsel for Plaintiff, retained after this motion was filed, requested and received an extension by the Court of ten days in which to file their brief in opposition to said motion. *See* Doc. 8. Though Plaintiff filed her response outside the extended deadline, the Court nevertheless considers it in ruling on this motion.

**Undisputed Facts**

Plaintiff Jovita Carter was employed as a firefighter by the City of Birmingham from October 17, 1994 to January 20, 1998. EEOC Complaint # 130981044; Defendant's Exhibit 1. During her tenure with the Birmingham Fire and Rescue Service, Plaintiff engaged in an affair with Battalion Chief Albert Ward. *Id.* The affair eventually ended in November of 1997, at which time Plaintiff alleges Ward's professional attitude toward her began to change. *Id.* Specifically, Plaintiff maintains Ward subjected her to increased discipline and disparate treatment by using his supervisory authority to alter the conditions of her employment through discipline and termination. EEOC Complaint # 130983300; Defendant's Exhibit 5.

On January 9, 1998, Plaintiff was assigned to a different station for the night shift.[3] Defendant's Exhibit 1. Chief Ward did not make the assignment. Opinion and Decision of the Jefferson County Personnel Board, Defendant's Exhibit 6 at 2. Plaintiff, believing this assignment was given out of animosity toward her, refused to take the assignment. *Id.* An argument ensued, wherein Plaintiff threw a cup of coffee on Chief Ward. *Id.* An investigation into the circumstances surrounding the disagreement further discovered Plaintiff told Ward to "shut up" and to "shut his damn mouth." Opinion and Decision at 2; Defendant's Exhibit 6.

---

[3] Plaintiff was one of two firefighters regularly assigned to relieve shortages at other fire stations. Opinion and Decision at 2; Defendant's Exh. 6.

2

As a result of her behavior, Plaintiff was fired for insubordination, conduct unbecoming of an employee in public service, violation of an order made and given by a superior, and willful violation of the provisions of Civil Service law on January 14, 1998. Notice of Termination Hearing; Defendant's Exhibit 3. After her termination, Plaintiff was afforded a termination hearing as well as an appeal hearing to the Personnel Board. Defendant's Exhibits 3, 6. The decision to terminate Plaintiff was upheld in a decision by the Personnel Board after the hearing held by the Honorable Marion F. Walker, a hearing officer appointed by the Personnel Board. Opinion and Decision; Defendant's Exhibit 6.

Immediately after the initial decision upon termination hearing was issued on January 20, 1998, Plaintiff filed a complaint with the EEOC alleging she was wrongfully discharged. Defendant's Exhibit 1. In her complaint before the EEOC, Plaintiff stated when her affair with Chief Ward ended, he began to treat her unfairly. *Id.* Plaintiff admitted throwing coffee on Ward and her subsequent termination for insubordination and conduct unbecoming an employee in public service. *Id.* However, Plaintiff maintained in her complaint that the underlying reason proffered for her termination was pretextual and that the decision to fire her was impermissibly based on sex discrimination. *See Id.*

On January 30, 1998, the EEOC issued a dismissal of Complaint # 130981044 to Plaintiff. Dismissal and Notice of Rights; Defendant's Exhibit # 2. The EEOC dismissed the charge because the facts failed to state a claim under Title VII. *Id.* Upon

3

receipt of said dismissal, Plaintiff did not exercise her right to sue in this Court within 90 days.

After the decision of the Personnel Board was issued on July 16 1998 (Defendant's Exhibit 6 at 5), Plaintiff again filed a complaint with the EEOC. EEOC Complaint # 130983300; Defendant's Exhibit 5. This complaint alleges the same facts as the one in January 1998 but additionally alleges her termination was in retaliation for her complaints of being disparately disciplined because of the affair. *Id.* The EEOC again issued a right to sue letter, stating the issue of sexual harassment was untimely and that the issue of discharge had previously been resolved in Complaint # 130981044.

Upon receipt of this second right to sue letter, Plaintiff filed suit on July 30, 1999 (doc. 1).

## **Standard of Review**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

> element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. P. 56(e). In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Clark & Coats, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

On motions for summary judgment, the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party.

See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D. Ala.); citing *Anderson*, 47 U.S. at 251-252.

### Legal Analysis

Defendant maintains this lawsuit is untimely as Plaintiff received her first right to sue letter from the EEOC on her first complaint more than 90 days before she filed this suit.[4] Motion to Dismiss or in the Alternative Motion for Summary Judgment (doc. 4) at II (1)(c). Defendant additionally claims the second EEOC complaint should be disregarded when computing the 90 day period because the second complaint is the same

---

[4] Plaintiff filed suit a year and a half after receipt of the first Right to Sue letter. Doc. 4 at II(1)(c).

as the first and operates as an attempt to circumvent the 90 day rule. *Id.* at II(1)(e). Plaintiff argues that the retaliation claim found in the second complaint constitutes new evidence and is therefore a distinct claim under Title VII. Plaintiff's Response at ¶ 19. According to Plaintiff then, the time in which she has to file a suit with the courts began to run when she was issued her second right to sue notice on her second complaint. *Id.* at ¶ 5.

The Court is not persuaded that the second EEOC filing was materially different and constituted new evidence. Both EEOC complaints were filed after Plaintiff was fired. Both state that Plaintiff was fired from her job. Certainly, Plaintiff possessed the knowledge she was terminated the day she filed the first EEOC complaint and could have then raised her retaliation claim. It is unclear why, several months after her initial filing, she realized that her termination was out of retaliation for complaints she allegedly made to her supervisor.[5]

Moreover, regardless of whether Plaintiff's second filing with the EEOC was appropriate in any respect, Plaintiff's complaint filed with this Court does not contain a claim of retaliation. The only claims contained in the complaint are for sex discrimination, invasion of privacy and outrage.[6] Plaintiff concedes her claim for sex

---

[5] Plaintiff contends new evidence supported this second filing with the EEOC; however, Plaintiff has not submitted to the Court this "new" evidence.

[6] Plaintiff voluntarily dismissed her state law claims of invasion of privacy and outrage in her response to defendant's motion to dismiss. Plaintiff's Response at 1.

discrimination can not be pursued as it was addressed in her first EEOC complaint and accordingly, is time-barred. Plaintiff's Response, ¶ 3. Therefore, Plaintiff's Response voluntarily dismisses all of the claims stated in Plaintiff's Complaint as filed.

Liberally construing Plaintiff's complaint to include a claim for retaliation[7] and assuming without deciding Plaintiff's lawsuit is timely, the Court proceeds on the merits of her claim. To establish a prima facie case of retaliation, Plaintiff must show: (1) she engaged in protected activity; (2) her employer was aware of that activity; (3) she suffered adverse employment action; and (4) there was a causal link between her protected activity and the adverse employment action. *Maniccia v. Brown,* 171 F.3d 1364, 1369 (11th Cir. 1999)(*citing Little v. United Technologies,* 103 F.3d 956, 959 (11th Cir.1997)).

Plaintiff stated in her complaint before this Court that Ward would randomly transfer Plaintiff to different fire stations, including stations located in high crime areas in what Plaintiff believed to be an act of retaliation. Complaint at ¶¶ 11, 12, 13. Plaintiff does not, and could not, specifically allege a claim for retaliation under Title VII under these facts. The only conduct Plaintiff alleges she engaged in was the affair with Ward. Common sense dictates that having a sexual affair with a supervisor is not a protected

---

[7] Plaintiff concedes a claim can not be litigated in this Court if it was not raised in the EEOC complaint (Plaintiff's Response at ¶ 26). The Court having noted Plaintiff, at the time her complaint was drafted and filed with the Court, was a pro se litigant and accordingly liberally construes Plaintiff's allegations as set out in the complaint to include a claim for retaliation for purposes of this opinion.

activity as envisioned under Title VII's protection against retaliation. *See* Civil Rights Act of 1964, § 704(a), as amended, 42 U.S.C.A. § 2000e-3(a).

Plaintiff addresses retaliation a second time in her second complaint filed with the EEOC. *See* Defendant's Exh. 5. There, Plaintiff maintained she was terminated after complaining about being disparately disciplined because of her affair with Ward. EEOC Complaint # 130983300; Defendant's Exh. 5. If in fact Plaintiff did complain to her supervisors, this activity would be protected. However, Plaintiff has put forth no evidence whatsoever that she ever complained to her supervisors that Ward was treating her differently than other, similarly situated employees. The testimony before the County Personnel Board was inconclusive as to whether Chief Brooks, the Chief of the Fire Department even knew an affair between Ward and the Plaintiff had ever occurred.[8] Opinion and Decision at 2; Defendant's Exh. 6.

In addition, assuming arguendo Plaintiff could put forth evidence in order to sustain her burden under the first two prongs of a retaliation claim, Plaintiff's claim fails because she can not prove a causal connection between the complaints allegedly made to her supervisor and her subsequent termination. Chief Brooks testified he made the decision to fire Plaintiff based on her conduct the day of the incident at issue before this Court, two previous disciplinary actions, her personnel file, and informal complaints

---

[8] Furthermore, Plaintiff never mentioned the fact that she had an affair with Ward at her due process hearing.

9

made against Plaintiff by her co-workers. *Id.* at 3. Plaintiff's failure to put forth any evidence to contradict this testimony by showing her complaints of disparate discipline and her subsequent termination were not wholly unrelated is fatal to her claim. *See Hairston v. Gainsville Sun Publishing Co.,* 9 F.3d 913, 920 (11th Cir. 1994)(*en banc*) (*citing Simmons v. Camden County Board of Ed.,* 757 F.2d 1187, 1189 (11th Cir.), cert. denied, 474 U.S. 981, 106 S.Ct. 385, 88 L.Ed.2d 338 (1985)).

### Conclusion

Based on all of the foregoing, the Court is of the opinion that is no genuine issues of material fact exist and that Defendant's motion for summary judgment is due to be and hereby is **GRANTED**.

**DONE** and **ORDERED** this the ___3___ day of February, 2000.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE